Sandra Gillies
Attorney at Law
SBN 88665
P.O. Box 1515
Woodland, California 95776
sandra-gillies@outlook.com
Phone/Fax 530-666-1908
Attorney for Darrell Carpenter

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>DARRELL CARPENTER,<br><br>            Defendant. | No. 07-cr-0001 GEB EFB 1<br><br>STIPULATION AND PROPOSED ORDER |

   Darrell Carpenter, by and through appointed counsel Sandra Gillies, and the United States, by and through Ross K. Naughton, Assistant United States Attorney stipulate as follows:

   1. On June 13, 2008, Darrell Carpenter pleaded guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and § 924(e)(1), on the understanding, among other things, that there was a mandatory minimum sentence of fifteen years because of his prior criminal history.  ECF No. 49.

/////

2. The mandatory minimum term under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) was based on the following Illinois convictions:

- an August 19, 1991 conviction of manufacture/delivery of a controlled substance;

- a September 1, 1995 conviction of manufacture/delivery of cocaine;

- a March 6, 2003 conviction of aggravated battery of a peace officer/firefighter and aggravated fleeing. ECF No. 74-1

3. Based on the two convictions for "serious drug offenses" under 18 U.S.C. §924(e)(2)(A)(ii) and the conviction for a "crime of violence" under 18 U.S.C. § 924(e)(2)(B)(i), the PSR calculated Mr. Carpenter's base offense level to be 33 and the total offense level to be 30 based on certain adjustments. ECF No. 74-1 at 2.

4. On August 29, 2008, the Honorable Garland E. Burrell sentenced Mr. Carpenter to a term of 180 months. ECF No. 53.

5. On June 26, 2015, the Supreme Court issued its opinion in *Johnson v. United States*, — U.S. —, 132 S.Ct. 2551,

which struck down the ACCA's residual clause as unconstitutionally vague.  *Id*. at 2557.

6. On November 16, 2015, Mr. Carpenter filed a motion to correct his sentence, 28 U.S.C. § 2255, asserting he was no longer an armed career criminal subject to a mandatory term of fifteen years.  ECF No. 57.

7. On August 8, 2016, the United States agreed that Mr. Carpenter's 2003 conviction for aggravated fleeing was no longer a violent felony after *Johnson* and his conviction for aggravated battery, a divisible offense, was not necessarily a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), because the documents concerning Mr. Carpenter's aggravated battery conviction that the government was able to obtain did not establish clearly and unequivocally that Mr. Carpenter was convicted of the causes-bodily-harm version of that offense.  ECF No. 73.

8. Therefore, Mr. Carpenter can no longer be considered an armed career criminal under Section 924(e).

9. Mr. Carpenter has assured counsel he does not wish to return to court for any further proceedings regarding his sentence.

10.  For re-sentencing purposes, Mr. Carpenter's base

offense level is 24.  U.S.S.G. § 2K2.1; PSR at 7.  With adjustments for acceptance of responsibility and for timely notifying the government of his intention to plead guilty, the total offense level is 21.  PSR at 7, 8.  His criminal history category remains VI based on 18 criminal history points.  PSR at 12.

11. With an offense level of 21 and a criminal history category VI, Mr. Carpenter's guideline range is 77-96 months based on the 2007 sentencing chart. Mr. Carpenter was taken into federal custody on or about November 27, 2006.  ECF No. 1.  Accordingly, even if he had been sentenced to 96 months, he has completed his term.

[*Rest of page blank*.]

12. Accordingly, the parties stipulate to the issuance of an order granting Mr. Carpenter's motion to correct his sentence and to the imposition of a new sentence of 96 months.

13. To reflect this new sentence, the parties ask that the Court issue an amended judgment omitting reference to 18 U.S.C. § 924(e).

Dated: August 18, 2016.

/s/ Sandra Gillies

Attorney for Darrell Carpenter

Dated: August 23, 2016.

/s/ Ross K. Naughton

Assistant United States Attorney

ORDER

The court, having read and considered the stipulation of the parties, hereby ORDERS:

1. The motion to vacate or correct the sentence, filed November 16, 2015, ECF No. 57, is GRANTED;
2. The 180-month sentence imposed August 29, 2008, is VACATED;
3. The court finds Mr. Carpenter's criminal history score to be 18 and his total offense level to be 21, with a corresponding guideline range of 77 to 96 months;
4. The court commits Mr. Carpenter to the Bureau of Prisons to be imprisoned for a term of 96 months;
5. All other terms and conditions of the sentence imposed on August 29, 2008, remain in effect;
6. An amended judgment shall issue, which judgment shall make no reference to 18 U.S.C. § 924(e).

Dated:   September 21, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge